United States District Court
Southern District of Texas
**ENTERED**
March 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:15-217-1 |
| | § | |
| ROEL RODRIGUEZ, | § | |
|   Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Roel Rodriguez's "Motion 18 USC 3582(c)(1)(A) Compassionate Release Retroactive to Reduce Sentence Pro-se." D.E. 491.

## I. BACKGROUND

In 2015, Defendant pled guilty to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana and conspiracy to launder monetary instruments. He has served 70 months (58%) of his 120-month sentence and has a projected release date, after good time credit, of December 13, 2023. Defendant now moves the Court for compassionate release in order that he can care for his mother and aunt, who are both disabled and ill. He states that he filed a written request for compassionate release with the warden of his facility more than 30 days ago, but the warden has not responded and refuses to provide written confirmation that he received Defendant's request.

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>    (1) in any case—

>   (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>   >   (i) *extraordinary and compelling reasons warrant such a reduction . . .* and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Although not dispositive, the commentary to the United States Sentencing Guidelines ('U.S.S.G.') § 1B1.13 informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

>   **(A) Medical Condition of the Defendant.—**
>   >   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   >   (ii) The defendant is—
>   >   >   (I) suffering from a serious physical or medical condition,
>   >   >   (II) suffering from a serious functional or cognitive impairment, or
>   >   >   (III) experiencing deteriorating physical or mental health because of the aging process,
>   >
>   >   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
>   **(B) Age of the Defendant. –**
>   The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and

      (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
      As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. §3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to

deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

## III. ANALYSIS

Defendant moves the Court for compassionate release because his mother suffers from a total of 24 medical conditions, including hypertension, arthritis, diabetes, and hip removal, and his aunt has terminal lung cancer and is confined to a wheelchair because she was born without feet. His mother has a healthcare provider for a couple hours each day, but she needs someone around the clock. If released, Defendant states that he will live with his mother and provide full-time healthcare to both his mother and his aunt, who lives nearby.

Unfortunately for Defendant, "caring for a sick and/or aging parent is not a qualifying 'family circumstance' under U.S.S.G. § 1B1.13(1)(A)." *United States v. Hudec*, No. 4:91-CR-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (collecting cases). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019) (denying compassionate release to defendant to care for ill mother). Defendant also has presented no evidence that he exhausted his administrative remedies within the BOP before filing the current motion. Because he has failed to demonstrate that he has complied with the exhaustion requirements under § 3582, his motion is not ripe for review, and the Court is without jurisdiction to grant it. *See generally*, *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016).

**IV. 28 U.S.C. § 2255 CLAIMS**

Defendant's motion also raises a number of other claims: (1) trial counsel was ineffective during plea negotiations, at sentencing, and for failing to file a direct appeal; (2) Defendant is actually innocent of money laundering because he was too young to have the requisite intent to further unlawful activity; (3) Defendant should not have received a sentencing enhancement for possessing a firearm in connection with a drug trafficking offense because the guns were found with his own personal use stash of synthetic marijuana, which can be purchased in any store in Texas; (4) Agent Hines' testimony was hearsay and should have been excluded under FED. R. EVID. 801; and (5) Defendant should not have received a sentencing enhancement for obstructing justice because he is actually innocent of threatening an informant.[1]

The relief Movant seeks is available, if at all, in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Because Defendant previously filed a § 2255 motion, his current claims are successive. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the Defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the Defendant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before the Court. 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in

---

1. Contrary to his motion, Defendant's offense level was not increased for possessing a firearm in connection with a drug trafficking offense, nor did he receive a sentencing enhancement for obstruction of justice.

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Defendant's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file a second § 2255 motion, and this Court is without authority to grant such permission.

## V. CONCLUSION

For the foregoing reasons, Defendant's "Motion 18 USC 3582(c)(1)(A) Compassionate Release Retroactive to Reduce Sentence Pro-se" (D.E. 491) is **DENIED**.

It is so **ORDERED** this 2nd day of March, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE