United States District Court
Southern District of Texas
**ENTERED**
May 18, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CRIMINAL NO. 2:15-217-1 | |
| § | | |
| **ROEL RODRIGUEZ,** § | | |
| Defendant. § | | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Roel Rodriguez's Second Reconsideration Motion for 3582 Compassionate Release. D.E. 495.

The compassionate release statute provides that a court may reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The "extraordinary and compelling" reasons cited by Defendant warranting compassionate release are that he is actually innocent of the crime of conviction, he only pled guilty due to ineffective assistance of counsel, and his attorney failed to file a notice of appeal as instructed. As the Court has previously stated, the relief sought for these claims is available, if at all, pursuant to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Defendant must not only seek, but also obtain, the Fifth Circuit's permission to file a successive § 2255 motion. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Attached to his current motion, Defendant has provided a copy of the Fifth Circuit's order dated February, 2020, denying his motion for authorization to file a successive § 2255 motion. D.E. 495-3. He cannot escape the prohibition on successive § 2255 claims by attempting to reframe them under § 3582.

Defendant also re-urges his request for compassionate release in order that he may care for his mother and aunt, who he says are both disabled and ill. Citing *United States v. Bucci*, 409

1

F. Supp. 3d 1 (D. Mass. 2019), Defendant argues that caring for a sick and aging relative may quality as an extraordinary and compelling reason warranting compassionate release. The *Bucci* Court held that "Mr. Bucci's role as the *only potential caregiver* for his ailing mother is an 'extraordinary and compelling reason' for compassionate release." *Id.* (emphasis added). The Court further explained that "the documents submitted to the Court show that he has demonstrated rehabilitation through his substantial time in prison, including by devoting much of his time to care for terminally ill inmates." *Id.* at 2–3.

Defendant's mother's medical records from January 22, 2020, indicate that she was undergoing physical therapy after tearing her left rotator cuff. D.E. 491, p. 27. In a letter to the Court, she states that she is disabled; suffers from depression, anxiety, diabetes, hypertension, asthma, high cholesterol, and a weakened immune system; and has had several surgeries that have affected her mobility. D.E. 495-10. There is no evidence that she is incapacitated, that she requires around-the-clock care,[1] or that Defendant is her only available caregiver. Defendant has also offered his aunt's medical records, which confirm that she was diagnosed with lung cancer in 2017. D.E. 495-9. She "denie[d] any major problems or complaints" as of December 28, 2020. *Id.* at 1. Although "[s]he was brought in by wheelchair in view of [] congenital deformities of both lower extremities," there is nothing to indicate that she is incapacitated or requires a caretaker. *See id.* at 2. Even if she were, her medical records state that she has two children, who may also be potential caretakers.

District courts in the Fifth Circuit have repeatedly declined to follow the District of Massachusetts' *Bucci* decision where, as here, the defendant has failed to offer evidence that a family member is in fact incapacitated or that the defendant is the only available caretaker.

In *Burkett*, the court explained:

---

1. Defendant previously acknowledged that his mother has a caretaker for a couple hours each day.

2

> [E]ven if the Court were to apply *Bucci*, Burkett's family circumstances are not similar. First, Burkett has not shown that he is the only available caretaker for his father. Second, Burkett has provided no documentation that would allow the Court to determine that his father's health conditions rise to the level of incapacity. Without more evidence besides an unverified motion, the Court will not use Burkett's claims as evidence favoring compassionate release.

*United States v. Burkett*, 2020 WL 5747872, at *2 (N.D. Tex. Sept. 25, 2020) (citing *United States v. Broadus*, 2020 WL 4784686, at *3 (N.D. Tex. Aug. 18, 2020)).

The *Nevers* Court similarly reasoned:

> Unlike *Bucci*, in this case, there is no indication Petitioner is the only potential caregiver for her mother. Rather, the PSR indicates Petitioner has multiple other family members who are potential caregivers. Moreover, the PSR indicates Petitioner's mother was elderly and had ailing health before she was sentenced. Thus, there has been no new change in circumstances that might now warrant Petitioner's early release.

*United States v. Nevers*, 2019 WL 7281929, at *6 (E.D. La. Dec. 27, 2019). *See also United States v. Hudec*, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) ("Here, Defendant acknowledges that his mother is currently caring for his father. Defendant also has two brothers who have written the Court in support of his release. Thus, unlike Bucci, Defendant is not the 'only available caregiver' for his father.").

For the reasons stated above, Defendant's Second Reconsideration Motion for 3582 Compassionate Release (D.E. 495) is **DENIED**.

It is so **ORDERED** this 17th day of May, 2021.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE